[No. 26077. Department Two. April 14, 1936.]

THE STATE OF WASHINGTON, *Respondent,* v. EARL B. MOONEY, *Appellant.*[1]

*Horrigan & Horrigan,* for appellant.

*C. M. O'Brien* and *E. A. Davis,* for respondent.

MAIN, J.—The amended information in this case, upon which the defendant was tried, contains two counts. In the first, he was charged with murder in the first degree; in the second, with robbery. The trial resulted in a verdict finding the defendant guilty of murder in the second degree and acquitting him of the charge of robbery. Motions in arrest of judgment and for a new trial were made, both of which were overruled, and from the judgment and sentence the defendant appeals.

The only substantial law question in the case is whether the dying declaration of Ike Turya, whom the

[1]Reported in 56 P. (2d) 722.

appellant was charged with having killed, was properly received in evidence. The facts will be stated only in so far as it may appear necessary to present this question.

Turya lived alone in the city of Pasco. He and the appellant had been friends and acquaintances for a number of years. About two a. m., August 6, 1935, Turya returned to his home after having spent the evening about the city, and, according to his dying declaration, just before he entered his house, he was held up at the point of a gun and relieved of his money, after which the person robbing him caused him to walk up the street, with the gun at his back and in the direction of the open country, on the east side of the city. Turya pleaded with the appellant that, since he had taken his money, he should let him return to his house, but the appellant kept him moving on. After they had proceeded about 528 feet, Turya, becoming alarmed as to what the result might be, turned suddenly and struck the appellant, and, as he did so, the mask covering the latter's face fell off and he recognized him. As he struck, the appellant fired a bullet into his body. After this, the two men fought, and Turya, being the stronger man of the two, gave the appellant a severe beating. After finishing the fight, Turya returned, and, being exhausted, sank to the ground a short distance from the steps entering his house.

The appellant's version of the affair is different. He says that he met Turya in the vicinity of where he lived and that some conversation took place between them, and, as they talked, they walked up the street the distance mentioned, and the appellant having said something that irritated Turya, the latter struck him, and the fight ensued. The appellant, getting the worst of it, took the gun from his pocket and sought to beat Turya off with it, and, while in the scuffle, both having

hold of the gun, it discharged, and Turya received the wound which resulted in his death.

After the appellant recovered consciousness, which was in a few minutes, he likewise returned to Turya's house. As he approached Turya, the latter, in his dying declaration, said that the appellant made the statement: "I suppose I will hang for this." The appellant then called an ambulance, and Turya was taken to the hospital, where he was operated upon. The bullet from the gun entered the abdomen and perforated the small intestines in three places.

At about two o'clock that afternoon, Turya's divorced wife, who had married another, called to see him, and at this time he made the declaration stating the facts substantially as above set forth. Later in the day, and about six or seven o'clock in the evening, the prosecuting attorney of Franklin county, with a stenographer and a deputy sheriff, went to the hospital, and Turya again stated what had taken place. Turya died five or six days later as the result of the wound.

Both of these declarations were introduced in evidence, over objection, and, as already stated, whether they were properly admitted presents the controlling question in the case.

The standard by which it is determined whether a dying declaration is admissible in evidence is stated in *State v. Bridgham,* 51 Wash. 18, 97 Pac. 1096, as follows:

"The standard required for the admissibility of the declaration is that the declarant should have believed that she was about to die, that she made the declaration under the belief that she would not recover, and that she did die of the illness from which she was suffering as the direct and proximate result of the original injury which the declaration tended to illustrate."

The case of *State v. Power,* 24 Wash. 34, 63 Pac. 1112, 63 L. R. A. 902, states the rule to the same effect.

The witnesses hearing the dying declaration of Turya were competent to testify that they thought that he at the time believed that he was going to die, and that he could not recover. *State v. Quinn*, 56 Wash. 295, 105 Pac. 818; *State v. Kwan*, 174 Wash. 528, 25 P. (2d) 104.

In this case, the witnesses to both of the declarations testified that they believed that, at the time the declarations were made, Turya believed that he was going to die, and that he could not recover. In the declaration made at two o'clock in the afternoon, he made a statement to the effect, "I cannot make it, it is too tough."

The dying declarations were admissible under the rule of the cases first above referred to. The fact that Turya did not die until some days later does not render them inadmissible. 30 C. J. 257; *State v. Power*, 24 Wash. 34, 63 Pac. 1112, 63 L. R. A. 902.

It is said, however, that that part of the declaration to the effect that the appellant said, "I suppose I will hang for this," was not properly admissible. Whether it was so admissible depends upon whether it was a part of the *res gestae*. *State v. Long*, 163 Wash. 607, 1 P. (2d) 844. The declaration followed soon after the shooting, and, as we view it, was a part of the *res gestae*. There was no error in the admission of this part of the declaration.

The evidence offered by the appellant as to whether on the day the declarations were made Turya believed that he was going to die was in conflict with that offered by the state, and presents a question of fact for the jury, and not one of law for the court.

There is some contention that the court erred in refusing to give certain of the appellant's requested instructions, but we find no error in this regard. So far

as the instructions requested properly stated the law, the matter was covered by the instructions given.

The judgment will be affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.